UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JERMEL POPE, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Case No. 1:14-cv-01393-SLD |
| | ) |
| J. KRUEGER, | ) |
| | ) |
|     Respondent. | ) |

<u>ORDER</u>

Before the Court are Jermel Pope's motion for reconsideration of this Court's July 1, 2016 Order, ECF No. 17, and his motion for expedited ruling on the motion to reconsider, ECF No. 21. For the following reasons, the former motion is DENIED and the latter MOOT.

**BACKGROUND**

The Court recounted in full the facts underlying Pope's original petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in its original order granting that motion and denying it in part. *See* Jul. 1, 2016 Order 1–3. A condensed version of events, drawn from Respondent's response to Pope's original petition, ECF No. 3, and from its sur-reply to Pope's traverse, ECF No. 10, is related here. Where facts are drawn from other sources, the source is cited.

Pope was arrested on February 8, 2008 on Illinois pandering charges. While the state matter awaited disposition, he was charged for the same events under an analogous criminal statute in federal court in the Northern District of Illinois. He was then transferred to federal custody for prosecution on June 10, 2009, although he remained in Illinois's nominal custody,

termed Illinois's "primary jurisdiction." He was sentenced to a term of 100 months' imprisonment on the federal charge on June 20, 2009, and returned to an Illinois facility in August of that year. On August 24, 2009, he was sentenced to five years' imprisonment on the Illinois charges. The Illinois judge ordered that Pope's sentence run concurrent with the already-imposed federal sentence.

Apparently pursuant to the Illinois court's order that the sentence run concurrent to the federal sentence already imposed, Illinois authorities then "thought it appropriate to transfer Pope to the United States' [sic] Marshals, who in turn housed Pope at MCC [or, Metropolitan Correctional Facility,] Chicago . . . ."[1] Rodriguez Decl. ¶ 15, Resp. Order Ex. 1; ECF No. 19-1. Pope was incarcerated at MCC Chicago from August 31, 2009 to May 25, 2010. During his time at MCC Chicago, the federal Bureau of Prisons ("BOP") recorded Pope's status as "holdover," rather than "designated," indicating that in its view, he had not been received into federal custody. *Id.* ¶¶ 16–17. He was eventually transferred back to an Illinois Department of Corrections ("IDOC") facility, until he was paroled by Illinois on August 6, 2010. At this point, he was again transferred to BOP custody, where he remains, to serve his federal sentence.

Despite the Illinois sentencing court's intention to sentence Pope concurrently with his federal sentence, BOP determined, upon receiving him, that Pope's federal sentence should begin to run on the date it received him from Illinois's custody—August 6, 2010. BOP based its decision on 18 U.S.C. § 3585(b), which declares in pertinent part that a defendant received into federal custody cannot be credited with time already incarcerated if that period of incarceration has been credited against "another sentence," in this case, the Illinois sentence. Pope petitioned

---

[1] The Bureau of Prisons' affiant, Shannon Rodriguez, asserts that even though Pope had not yet finished his Illinois sentence, Illinois authorities probably transferred him to federal authorities at this time on the mistaken belief that he was required to serve his sentence in the custody of the first-sentencing sovereign—evidently a common misconception. Rodriguez Decl. ¶ 15.

BOP to designate retroactively his place of incarceration on the Illinois sentence as the place of his federal incarceration, termed a *nunc pro tunc* designation, which would have had the effect of crediting some or all of the time he had spent in Illinois custody against his federal sentence. BOP reviewed and denied this application in accordance with its policies and federal statute. *See* BOP Program Statement 5160.05; 18 U.S.C. § 3621(b). Pope then filed a § 2241 petition in this Court on September 29, 2014, arguing that denial of the *nunc pro tunc* designation was improper, and that the period of time he spent in at MCC Chicago ought to have been credited against his federal sentence. Petition 26, ECF No. 1. He therefore asked that his sentence be reduced by the corresponding amount of time. *Id.*

In its Order of July 1, 2016, the Court partly granted Petitioner's request, insofar as it noted that the Illinois sentencing court had indicated its intention to credit Pope with the span of time between February 8, 2008 and August 24, 2009, but that it had calculated this span of time as being 534 days, when in fact it was 564 days. *See* Jul. 1, 2016 Order 6. Thus, this Court reasoned, Pope was due a credit of 30 days against his outstanding federal sentence. *Id.* However, the Court rejected Pope's broader claim that he was entitled to a *nunc pro tunc* designation, and a related argument that he had not actually been in Illinois custody for part of his period of incarceration prior to being received into BOP custody. *Id.* at 7–11. And finally, it noted that there was a question of fact as to whether Pope had been in primary Illinois custody during the period when he was incarcerated at MCC Chicago, and directed Respondent to address this issue. *Id.* at 12. On July 11, 2016, Pope filed the motion for reconsideration currently before the Court. On July 13, 2016, Respondent filed a response, as the Court had directed it to, outlining its position on the period of time Pope had spent at MCC Chicago.

## DISCUSSION

In his motion for reconsideration, Pope (a) argues that the Court erroneously interpreted *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971), and *Kayfez v. Gasele*, 993 F.2d 1288, 1288 (7th Cir. 1993), Mot. Reconsider 1–2; (b) repeats his argument that he was in primary federal custody at least for the period of time he was incarcerated at MCC Chicago, *id.* at 2–4; and (c) argues that BOP was required to credit him with some of the time he spent in Illinois custody because of an Illinois court's attempt to amend his sentence after he had served it, *id.* at 5–6. Respondent's filing, although it does not directly address Pope's motion to reconsider, includes the declaration of a BOP official to the effect that Pope was in primary Illinois custody during his entire stay at MCC Chicago, and was credited with that time by IDOC, thus precluding BOP from crediting it against his sentence. Resp. Order 1. Respondent further asserts that Pope was in fact credited with the 30-day period the Court found he had not been credited with, and that Pope should not receive the benefit of the 30-day reduction already ordered by the Court. *Id.*

### I.   Standard on a Motion to Reconsider

> [A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end [an] action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). A court has the ability, on a party's motion or sua sponte, to reconsider its earlier orders that did not adjudicate all remaining claims. This ability has been termed the court's "ordinary power to conduct pending proceedings and rethink earlier orders." *Kapco Mfg. Co. v. C & O Enterprises, Inc.*, 773 F.2d 151, 154 (7th Cir. 1985). However, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269

(7th Cir. 1996). "It is inappropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider." *United States v. Zabka*, No. 1:10-CV-1078, 2013 WL 9564253, at *2 (C.D. Ill. Aug. 19, 2013) (citing *Caisse Nationale*, 90 F.3d at 1270).

## II. Analysis

As an initial matter, the Court rejects Pope's argument that it misinterpreted *Willis* and *Kayfez* as being inapplicable to his case. Pope has offered no argument that the Court's reasoning in its July 1, 2016 Order on this score relied on a manifest error of law; he merely repeats the arguments from his Petition. So too, the Court rejects Pope's argument that the Illinois court's retroactive alteration of his sentence should have affected BOP's calculation of his sentence. The Court addressed this argument fully, and Pope makes no argument that the analysis was a manifest error of law. *See* Jul. 1, 2016 Order 7–9.

Respondent has now submitted an affidavit from a BOP representative clarifying the grounds of Pope's final remaining argument, upon which the Court had sought clarification— that is, Pope's claim that he was in primary federal custody when housed at MCC Chicago, and not in Illinois custody, and that thus, BOP ought to have credited this period against his federal sentence. As already indicated, BOP listed Pope's status when he was incarcerated at MCC Chicago as "holdover," rather than "designated," suggesting that it regarded him as in transit to a final location of incarceration. Rodriguez Decl. ¶ 15. More to the point, however, BOP's declaration includes a letter from a representative of IDOC, which indicates that IDOC regarded him as being in Illinois custody for the entire period from his initial arrest to his parole on August 6, 2010, and credited all of that time against his Illinois sentence. Rodriguez Decl. 7. Thus, all of that period of incarceration was "credited against another sentence," and

5

appropriately not credited against his federal sentence by BOP.  18 U.S.C. § 3585(b).  Pope is not entitled to any credit against his sentence for this time.

Finally, Respondent also argues, relying on BOP's declaration, that although, as the Court noted in its July 1, 2016 Order, the sentencing Illinois court incorrectly calculated the number of days that should be credited against Pope's sentence by 30 days, IDOC itself calculated the total number of his days of incarceration in their custody correctly.  *See* Rodriguez Decl. ¶¶ 11–12.  Thus, Respondent argues, all the time Pope was incarcerated prior to August 6, 2010 was credited against his state sentence, and he is not entitled to any credit from this time against his federal sentence.  *Id.*  Without addressing the merits of Respondent's argument, or Pope's argument against it, the Court declines to revise its earlier order that 30 days be credited against Pope's sentence.  On the strength of the evidence Respondent submitted in response to Pope's original petition for relief, it appeared that 30 days had not been credited against Pope's state sentence, and should now be credited against the sentence calculated by BOP.  Respondent's later filing, in response to the Court's Order requiring clarification on a separate point, is an insufficient basis upon which to reverse the Court's previous order.

## CONCLUSION

Accordingly, Petitioner's Motion for Reconsideration, ECF No. 17, is DENIED, and his Motion for Expedited Ruling, ECF No. 21, is MOOT.  The remainder of Pope's petition, ECF No. 1, insofar as it was not ruled on by the Court's previous Order, ECF No. 16, is DENIED.  Thus, Pope's petition is GRANTED IN PART and DENIED IN PART.  No further claims remaining, the Clerk is directed to enter judgment and close the case.

Entered this 13th day of December, 2016.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE

1:14-cv-01393-SLD  # 25   Page 7 of 7